## COURT OF APPEALS, JUNE TERM, 1820.

PURL's *Lessee vs.* DUVALL.

Where a sheriff seizes property under a *fi. fa.* and returns it unsold for want of buyers and goes out of office, the *venditioni exponas* must be issued to him, and not to his successor; and if issued to his successor, all his acts under it are void. An execution is never supposed to be issued by the authority of the court, except where it might properly issue.

APPEAL from *Prince-George's* county court. The plaintiff in that court, (the present appellant,) brought an action of ejectment to recover part of a tract of land called *Magruder's Plains Enlarged,* which was described by courses and distances, and as containing 100 acres of land. The defendant, (now appellee,) took general defence, and the general issue was joined. At the trial the plaintiff offered in evidence a grant of the land called *Magruder's Plains Enlarged,* to *John B. Magruder,* on the 10th of November 1795, for 902 acres, being a resurvey on *Magruder's Plains,* granted to *James Magruder* on the 28th of October 1766, for 857 acres. He also offered a deed from *John B. Magruder,* the grantee, to *Daniel Purl,* the lessor of the plaintiff, for the land mentioned and described in the declaration, being part of *Magruder's Plains Enlarged,* containing 100 acres, dated the 4th of June 1810. The defendant then offered in evidence the docket entries of a judgment in *Prince-George's* county court, obtained by *John B. Magruder* against *Daniel Purl,* the lessor of the plaintiff, at September term 1806, for $1440, and costs, to be released on payment of $720, with interest thereon from the 6th of December 1802, and costs. He also offered a writ of *capias ad satisfaciendum,* issued on the said judgment on the 13th of December 1806, and that the said *ca. sa.* was returned *Cepi* by the sheriff of the said county; and the docket entries relating to the said *ca. sa.* from the judicial docket of April term 1807, stating that the *ca. sa.* was entered, *not called by consent,* and the defendant therein credited with a payment of $340 on the 17th of April 1807. He further offered a second writ of *capias ad satisfaciendum,* issued on the said judgment the 25th of August 1807, which was also returned *Cepi* by the said sheriff; and the docket entries relating thereto from the judicial docket of September 1807, stating that the said execution was entered, *not called by consent.* He also offered a writ of *fieri facias,* issued on the said judgment the 7th of December 1807, and returnable to April term 1808; and the return made on said *fieri facias* by *Notley Maddox,* then sheriff of the said county, viz. "Made to amount of $214. 72. Plaintiff's attorney satisfied for the same. Laid as-

June 1820

Purl
vs
Duvall

per schedule for residue, and not sold for want of buyers."
Also the schedule above referred to, viz. "A schedule of
property of *Daniel Purl*, taken in execution by virtue of a
writ of *fieri facias* issued out of *Prince-George's* county
court, at the suit of *John B. Magruder*—appraised by us
the subscribers this 25th day of March 1808.

"Part of a tract or parcel of land called *Magru-
der's Plains*, containing 81 acres, at $8 per
acre,                                                                    $648

                        *Saml. Dadson*, (Seal.)
                        *Josias Furgerson*, (Seal.)
                        *John Soper*, (Seal.)
                                   his
                        *Stephen* ✕ *Whitmore*, (Seal.)
                                  mark

"A schedule of the property of *Daniel Purl* taken into
execution at the suit of *John B. Magruder*, viz. One horse,
2 cows, and all the household furniture." Also a writ of
*venditioni exponas*, issued on the 17th of September 1810,
returnable to April term 1811, and directed to *Notley
Maddox*, late sheriff of *Prince-George's* county, command-
ing him to expose to sale the above mentioned "part of a
tract or parcel of land called *Magruder's Plains*, contain-
ing 81 acres, two cows, and all the household furniture,"
so as aforesaid taken by him on the said writ of *fieri faci-
as*, &c. which said writ of *venditioni exponas* was by the
said *Maddox* returned, "not sold for want of buyers." He
then offered a second writ of *venditioni exponas*, issued on
the 23d of June 1812, returnable to September term 1812,
and directed to the sheriff of the said county, commanding
him to expose to sale the land and property as above nam-
ed and described. Which last mentioned writ of *venditi-
oni exponas* was returned by the sheriff of the said coun-
ty, thereon endorsed: "Made. *John Darnall*, sheriff."
The defendant also gave in evidence the advertisement, or
notice given, of the sale under the said last mentioned *ven-
ditioni exponas*, viz, "*Notice*. By virtue of a writ of
*vendi. expo.* issued out of *Prince-George's* county court,
also two from a single magistrate, to me directed, will be
offered at public sale, to the highest bidder, for ready cash,
on Friday the third of July, all the part, parcel, or tract of
land, called *Magruder's Plains*, containing 81 acres,
more or less, taken as the property of *Daniel Purl*, to sa-

lisfy three judgments, one at suit of *John B. Magruder,* one at suit *Notley Maddox,* and one at suit *Elisha Berry;* and also to satisfy sundry officers fees due. The sale to commence at 11 o'clock.

JUNE 1820.

Purl
vs.
Duvall

*John Darnall,* Shff.

June 24th, 1812."

The defendant then offered a deed from *John Darnall,* sheriff of *Prince-George's* county, to him, the defendant, for the land mentioned in the declaration, called *Magruder's Plains Enlarged,* dated the 1st of August 1812, in which deed the name of the land, courses, distances and quantity, are the same as mentioned and described in the deed herein before mentioned from *Magruder* to *Purl,* and in the declaration in this cause. The deed so offered in evidence recited, that "Whereas by virtue of one writ of *fieri facias,* issued from a single magistrate, to the said *John Darnall* directed, against *Daniel Purl,* also taken under execution to satisfy sundry officers fees due, and satisfy an elder judgment at the suit of *John B. Magruder,* the said *John Darnall,* after due notice being given of the time and place of sale, on the third day of July last past, did expose at public sale to the highest bidder for cash, all the right, title, estate and interest, of the said *Daniel Purl,* to and in part or parcel of a tract of land called *Magruder's Plains Enlarged,* beginning for the same," &c. "containing one hundred acres of land more or less, leaving out of the said tract of land twenty acres of land before sold to *Joseph Dunlop.* Whereas at the sale of said land, the said *Benjamin Duvall,* of *Elisha,* was the highest bidder, and became the purchaser of the said tract or parcel of land as before mentioned, for the sum of three hundred and one dollars current money: and whereas the said *Benjamin Duvall,* of *Elisha,* did, at the time of the purchase aforesaid, satisfy and pay to the said *John Darnall* the said sum of money. Now this indenture witnesseth," &c. The defendant then read in evidence a deed from *Daniel Purl* to *Joseph Dunlop,* dated the 17th of December 1807, for 19 acres, part of the tract of land called *Magruder's Plains Enlarged,* described by courses and distances. But did not show or offer in evidence any other judgment or process under which he claimed title to the land mentioned in the declaration. The plaintiff then prayed the court to direct the jury, that

June 1820. the evidence so offered by the defendant was not sufficient

Purl
vs
Duvall

to sustain the issue on his part, and that the title by him set up under the judgment and proceedings under the same, the sale of the sheriff, *John Darnall*, and the deed executed by the said *Darnall* to him, is not a good and valid title in law. Which opinion the court, [*Johnson*, Ch. J. *Key* and *Plater*, A. J.] refused to give, but on the contrary were of opinion, and so directed the jury, that the plaintiff on the preceding facts, if found to be true by the jury, was not entitled to recover. The plaintiff excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before BUCHANAN, EARLE and DORSEY, J.

*Magruder*, for the appellant. This ejectment was brought for *Magruder's Plains Enlarged*, being a resurvey on *Magruder's Plains*. The deed from *Magruder*, the grantee of the land, to *Purl*, the lessor of the plaintiff, is for 100 acres, part of *Magruder's Plains Enlarged*, and is dated in 1810. The land in this deed is the same for which the ejectment was brought, the descriptions in both being alike. The defendant, in the court below, to show a title out of the plaintiff, offered in evidence a judgment against the lessor of the plaintiff in 1806, a *fieri facias* thereon in 1807, under which the land, for which the ejectment was brought, was supposed to be taken in execution, and a sale thereof to the defendant, under a *venditioni exponas* in 1812, and also the sheriff's deed to the defendant in 1812. The *fieri facias* appears to have issued after sundry *ca. sa's* had issued, under which the defendant in the judgment was taken in execution. These *ca. sa's.* it seems, were entered *not called by consent*. The *fieri facias* was laid on part of a tract of land called *Magruder's Plains*, by *N. Maddox*, the then sheriff, and the writ was returned by him, that the land was unsold for want of buyers. A similar return was made by him on the first *venditioni exponas*; on the second the land was sold by *John Darnall*, the then sheriff. The notice given by *Darnall* of the sale, called the land *Magruder's Plains Enlarged*, but it does not state at what place the sale was to be made. In *Darnall's* deed to the purchaser, the defendant in the court below, the land is called *Magruder's Plains Enlarged*, and

is described by courses and distances, adopting those in the deed from *Magruder* to *Purl,* leaving out 20 acres sold to *Dunlop,* but that deed was for only 19 acres. There are a number of objections to the title set up to the defendant.

1. When the judgment was obtained, under which the land was sold, there was no deed for the land vesting a legal title in *Purl,* who had no interest therein until two years after the return of the *fieri facias,* under which the land was seised and taken.

2. The land was taken in execution by a wrong name, and when the defendant in the execution had only an equitable estate therein.

3. The *fieri facias* was laid on the land by *Maddox,* the then sheriff, and afterwards sold by *Darnall,* his successor in office. The sheriff who lays the execution on the land is the person who is to sell it, and it cannot be done by his successor. 6 *Bac. Ab.* 161.

4. If *Darnall* had the right to sell, he could only sell *Magruder's Plains.* He had no right to correct the error in the name. He was commanded to sell *Magruder's Plains,* and he could not sell any other land, or the same land by any other name.

5. There is not that certainty in the sheriff's return, of the land taken under the *fieri facias,* which the law requires. He does not state that he had taken all the defendant's interest in the land, but that he had taken 81 acres, part of a large tract, without any description of any nature or kind. 2 *Bac. Ab.* tit. *Execution,* (P.) 739. *Williamson vs. Perkins,* 1 *Harr. & Johnson,* 449. *Fitzhugh vs. Hellen,* (June 1811.) But it may be said that the subsequent act of the sheriff in his deed cures the defect. This is not so; for unless the return is correct, it is void, and nothing afterwards can remedy it. It is the sheriff's duty to apprize the party of the property upon which he levies a *fieri facias.* He is to give notice to all persons of the property to be sold; and unless he does so, no title passes by his sale. If it were otherwise a sheriff might take the worst part of a tract of land and sell it, and give a deed for the best part. If a sheriff can correct by his deed, still there must be as much certainty in the deed as in the return. Here the sheriff states that he sold 81 acres of land, and he conveys 100 acres, excluding twenty

acres, and refers to *Dunlop's* deed, and when that deed is examined, it is for 19 acres. If therefore all previously was regular, yet the deed is not so; if it were so, the plaintiff was entitled to a verdict for one acre of land.

*Stephen*, for the appellee. There are two questions in this case—1. Whether an equitable interest in land taken in execution under a *fieri facias* can be sold under a *venditioni exponas*, the legal title having been acquired in the intermediate time? 2. Whether if the land was levied upon, and advertised as *Magruder's Plains*, and sold and conveyed as *Magruder's Plains Enlarged*, the defendant in the judgment and execution can avail himself of this objection in an action of ejectment? This action is brought by the original defendant, against whom a judgment had been rendered, and the land in question taken in execution, under a *fieri facias* issued on that judgment, and sold to the present defendant. The original defendant now comes to take advantage of supposed errors in the proceedings. A purchaser at a sheriff's sale for a valid consideration, is to be favoured, and his title is to be protected, at least against the person whose property was sold. Where two writs of *fieri facias* come to the hands of the sheriff, he is to execute that which is first delivered; but if he execute the second first, the execution is good, and the party can only have remedy against the sheriff. The statute of 29 *Charles* II, *ch.* 3, *s.* 16, changed the common law, so as to make the *fieri facias* bind from the time of the delivery to the sheriff. The vendee who purchased under the second writ is quieted in his possession. *Bull. N. P.* 91. *Smallcomb vs. Cross & Buckingham,* 1 *Ld. Raym.* 251. *Hutchinson vs. Johnston,* 1 *T. R.* 729. These authorities show why vendees at sheriffs' sales are protected in their purchases; and a sale by a sheriff continues good, though the judgment be afterwards reversed. 4 *Com. Dig.* tit. *Execution,* (C. 6.) Here the lessor of the plaintiff laid by, and suffered the proceeding to take place without objection, and now wishes to take advantage of its supposed irregularity. Shall the irregularity, if any, of the sheriff, defeat the title of the purchaser, who is guilty of no fraud? Shall the conduct of the lessor of the plaintiff enure to his benefit? He should have warned the defendant, and his not doing so was a waiver of his right. If a man, witnessing a deed conveying his land, is bound, it is a strong reason why the

lessor of the plaintiff here should be estopped and con- cluded. He had only an equitable interest when the *fieri facias* was laid, yet he had acquired the legal estate before the sale under the *venditioni exponas*. If the return to the *fieri facias* was irregular, the lessor of the plaintiff should have moved to quash it. By his neglect to do so, the sheriff has paid the money over, and the lessor of the plaintiff has no remedy against him. But it has been said that the *fieri facias* was laid upon land by a wrong name; that the ejectment is brought for part of *Magruder's Plains Enlarged*, and the evidence produced by the defendant was for *Magruder's Plains*. If the *fieri facias* was levied upon *Magruder's Plains*, upon which *Magruder's Plains Enlarged* was a resurvey, then it is the land for which the plaintiff has brought his ejectment, and having been taken and sold as the original tract, it conveyed and passed the resurvey. But it is said that a different sheriff made the sale from the sheriff who took the land in execution. This was a clerical error in directing the *venditioni exponas* to the then sheriff, instead of the old sheriff who had seized the land, and it should not vitiate the proceeding. A *venditioni exponas* is the mandate of the court, and remains valid until it is quashed. The defendant in the execution has no remedy now. He might have moved to quash the writ at the return day. When a court misconceive, as where letters of administration are granted, and the person on whose estate they are granted is not dead, all payments made to the administrator are valid. It has also been said, that there is not sufficient certainty in the sheriff's return to the *fieri facias* of the land seized under it. The title papers show that there were 100 acres, part of *Magruder's Plains Enlarged*, purchased by the lessor of the plaintiff from *Magruder*, and this was the whole of what he claimed, or had a right to in that tract, except the part he had sold to *Dunlop*, containing 19 acres; and the sheriff's return says he levied the *fieri facias* on part of the tract, calling it *Magruder's Plains*, containing 81 acres; it is therefore sufficiently certain, because from the records the true description of the part, in which *Purl* had a right, could be easily ascertained. But it is said there is a mistake of one acre in the sheriff's deed to the defendant as to the part excepted, as having been sold to *Dunlop*. The sheriff's deed conveys *all the*

*right* of *Purl* in the land, except that part conveyed to *Dunlop*. The intention was to pass all *Purl's* interest, and the exception of 20 acres sold to *Dunlop* is of no consequence. That exception was meant to exclude the number of acres sold to *Dunlop*, and whether that number was 19 or 20 acres is wholly immaterial.

*Magruder*, in reply. It is not necessary to answer the preliminary observations of the appellee's counsel. The defendant produced no evidence at the trial that the lessor of the plaintiff ever had any notice of the *fieri facias*, *venditioni exponas*, sale, &c. The advertisement was no notice as to where the land was to be sold. There was no evidence that the advertisement was ever set up, nor where the sale took place, or who was present. It is not to be presumed that the lessor of the plaintiff ever had any notice of any of the proceedings. A person whose property is sold under an execution, is not obliged to appear and move the court to quash the writ or return. If there is any doubt, when he does appear, the court will not quash the writ or return, but leave the party to his remedy at law. A purchaser at a sheriff's sale is bound to show that he purchased under a legal sale. An irregular execution is not voidable, but it is absolutely void. 2 *Bac. Ab.* tit. *Execution*, (P.) 739. The cases of waiver, &c. are different from a proceeding like the present, if notice was proved. But here it is not proved that the party had notice, or was in a situation to obtain it. But it is said, that if *Magruder's Plains* was purchased, then of course the defendant purchased the resurvey. This is not so. If he purchased the resurvey, then he purchased the original; but as the resurvey included more land than the original tract contained, then *non constat*, a part of the resurvey might be sold which the original did not include. But the sheriff, in his return to the *fieri facias*, should have stated with certainty the land seized, so as to enable the party, whose property is thus taken, to ascertain what land it is that is sold, and to enable the purchaser to ascertain the land purchased. It is not sufficient for the sheriff to certify that he had taken half or a third, &c. of a tract of land. This is not such a description as the law requires. It must also appear that the sheriff sold the same property which he had taken under the *fieri facias*. Here the old sheriff gives no description of the land—nor does the new

sheriff give any, until after the sale is made, when he undertakes to convey that which he had not stated he intended to sell, and that too by a different name from that named in the writ under which he did sell. But it is said, that there being a clerical error, no advantage can be taken of it. Suppose the clerk had issued a *fieri facias* against the property of a man where no judgment had been rendered, and his land was taken and sold, it would be strange to say, that if he did not move the court to quash the execution, he could not afterwards take advantage of the error.

DORSEY, J. delivered the opinion of the court.

In the argument of this cause, it was urged by the appellant's counsel, that the sale made by *Darnall*, the then sheriff of *Prince-George's* county, under the *venditioni exponas* issued on the 23d of June 1812, and the deed executed by him to the defendant, who was the purchaser, did not divest the title of the lessor of the plaintiff to the lands in question. And in support of this position the following points were made:

1. That the return of the sheriff on the *fieri facias*, stating that he had laid it on part of a tract of land called *Magruder's Plains*, containing 81 acres, was defective, as being too general, and not giving a description of the property sufficiently certain.

2. Because the lessor of the plaintiff, at the time the *fieri facias* was laid, had only an equitable interest in the land: And

3. Because *Darnall* had no power to sell the premises under the writ of *venditioni exponas*.

The court do not deem it necessary to give any opinion on the *first* and *second* points, because they are of opinion that *Darnall* had no authority to execute the writ of *venditioni exponas*. The authorities clearly establish the position, that if a sheriff, upon a *fieri facias*, seize goods, and return that they remain on hand *pro defectu emptorum*, and he be removed, yet he, and not the new sheriff, is to proceed in the execution; for an execution being an entire thing, he who begins it, must end it. *Dalton's Sheriff*, 19. *Clerk vs. Withers*, 1 *Salk.* 323. 6 *Bac. Ab.* tit. *Sheriff*, (I) 161.

The appellee's counsel does not controvert the correctness of this principle, but has argued, that the *venditioni*

Purl
vs
Duvall

JUNE 1820.

Burnet, &c
vs
Courts

*exponas* was the mandate of the court, in the nature of an interlocutory order, and therefore, if erroneous, voidable, and not void; and that being voidable, the lessor of the plaintiff, on the return of the process, ought to have moved the court to set it aside; and having failed to do this, he is precluded from taking any advantage of its irregularity in a collateral way. In answer to this objection, it is sufficient to say, that no express order appears on the record, that the clerk should issue such a writ as has been issued; and if writs of execution are supposed to be issued, under an implied authority from the court, such authority can only be implied in those cases where the execution is warranted by the principles of law. As the writ, therefore, was directed to *Darnall*, instead of *Maddox*, it was void, and every thing done under it must be considered as a nullity.

It has been pressed upon the consideration of the court, that the security of purchasers at sheriffs' sales, would be greatly impaired if their validity could be inquired into at any distance of time. This objection might apply with great force in some cases, but it cannot serve the defendant in this cause; because the defect, which vitiates his purchase, is apparent on the record under which he makes title. It may be his misfortune, that he has mistaken the law, by supposing that *Darnall* had authority to sell; but he is estopped from setting up his ignorance of the law as the foundation of his title.

The court therefore are of opinion that the judgment of the county court is erroneous.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.