# KENT COUNTY.

————◆————

## ALBERT S. DOLIVER *vs.* JOHN H. COLLINGWOOD.

A deputy sheriff levied an execution on goods and chattels.

*Held*, that he was entitled to hold them after his principal's successor had qualified.

Pub. Stat. R. I. cap. 23, § 1, which provides that every officer annually elected by the General Assembly may continue to officiate until his successor is qualified, is an enabling act, and does not restrict any power which the officer may have independent of this provision.

Pub. Stat. R. I. cap. 201, § 29, which provides that all books, notes, bonds, obligations, and other papers which sheriffs shall receive pursuant to this chapter, shall be delivered to their successors, does not extend to writs and precepts given to the sheriff for service.

EXCEPTIONS to a Special Court of Common Pleas.

This action was brought before a Special Court of Common Pleas against the defendant, as sheriff of Kent County, to recover the amount of an execution and of costs incurred in keeping certain chattels levied on. The circumstances in which this action was brought are stated toward the close of the opinion of the court.

In the Special Court of Common Pleas the presiding justice gave the plaintiff judgment for the amount of the debt on execution and costs incurred prior to June 7, 1881, but ruled out costs and keeper's fees incurred after that day by the deputy of the defendant's predecessor. To this ruling the plaintiff excepted.

*Providence, March* 5, 1887. . PER CURIAM. The rule at common law is, that the sheriff who begins the service of an execution during his term of office shall finish it, though his term of office expires before he can do so. Two reasons are given for the rule. One is that, the execution being an entire thing, he who begins must end it. *Purl's Lessee* v. *Duvall*, 5 Har. & J. 69, 77 ; Murfree on Sheriffs, § 1040. The other is that, when an execution is levied on goods and chattels, the sheriff thereby acquires a special property in them which enables him to make the sale after his office has expired. Murfree on Sheriffs, § 1040. The

levy here was on goods and chattels. It follows that the deputy of the old sheriff committed no fault in retaining the goods and chattels levied upon by him after the successor of the old sheriff had qualified, unless the common law rule has been modified in this State.

The defendant contends that the rule has been modified by statute. In support of this contention he cites Pub. Stat. R. I. cap. 23, § 1, which provides that every officer annually elected by the General Assembly may continue to officiate until his successor is qualified to act. This section applies not particularly to sheriffs, but to all officers of annual appointment, and empowers them to continue the execution of the duties of the office in full until the successor is qualified. It is an enabling statute. It does not purport to take away any power which the officer would have independently of it, but only to continue his powers, thus enabling him to exercise those which, but for it, he would no longer have. As applied to a sheriff, it enables a sheriff to enter upon new business after the expiration of his term. It does not take away any right to finish business which he had entered upon prior thereto.

The defendant also cites Pub. Stat. R. I. cap. 201, § 29, which provides that "All books, notes, bonds, obligations, and other papers which sheriffs shall receive pursuant to this chapter, shall by them be delivered over to their respective successors in office as papers and documents pertaining thereto, and every sheriff unlawfully refusing to deliver the same on demand shall be fined," etc. We do not think this section extends to writs or precepts delivered to the sheriff for service. There is no section in the chapter pursuant to which the sheriff receives such writs, but only sections which direct or regulate the service of writs directed or issued to him. It will be noted, too, that § 29 speaks of the books, notes, bonds, obligations, and the other papers to be transferred as papers and documents pertaining to the office; certainly writs or other precepts delivered to the sheriff for service and return are not papers or documents of that description. The section, too, says that all books, notes, etc., shall be delivered over, but writs and precepts are by other provisions of the statutes and from their very nature, for the most part, not to be kept in the

sheriff's office, but to be returned to the courts from which they issued: There are books, notes, bonds, obligations, and other papers which are, or may be, received pursuant to the chapter, as books, notes, bonds, obligations, and other papers, mentioned in §§ 6, 28, and also in § 29 ; inasmuch as the books, notes, bonds, obligations, and other papers which by § 29 the sheriff is to deliver to his successor will include those which he received from his predecessor. These are papers and documents pertaining to the office. We see no reason to suppose that the section was intended to apply to other kinds of papers.

To hold that the old sheriff ceases to have any official power whatever as soon as his successor is qualified, might prove exceedingly detrimental to the interests of both suitors and the State ; for to hold so would be to hold that, if the old sheriff were in the act of attaching goods and chattels or real estate, the qualification of the new sheriff would put an end to his power, and the suitor thereby might lose at least priority, if not his attachment altogether. It would also be to hold that, if the old sheriff had made an arrest on either civil or criminal process, and was taking his prisoner to jail or to court in pursuance of his writ or warrant, the qualification of the new sheriff would release such prisoner, and he would be entitled to go free. We find nothing in the statutes to warrant the construction which might lead to such results.

The bill of exceptions shows that the defendant qualified June 7, 1881 ; that his predecessor's deputy had in his custody goods and chattels on which he had previously levied an execution ; that he retained the custody of them until September 16, 1881, when he surrendered them to the defendant ; and that the plaintiff had paid the deputy his fees for the custody during that period. The bill of exceptions also shows that the defendant, after receiving the goods and chattels, sold them under the execution and received the money for them. This action is brought by the plaintiff for reimbursement of the fees paid by him to the deputy of the old sheriff. The defence set up is that the deputy was not entitled to fees after the new sheriff qualified, because his retention of the goods and chattels after that was illegal, it being, as claimed, his duty to deliver them immediately to the new sheriff. The de-

fendant does not defend on the ground that he had no right to complete the service of the execution, and therefore we do not consider that question. He does not deny the right of the plaintiff to recover if the retention, after his qualification, of the goods and chattels levied upon, was legal. We are of the opinion that it was legal.

We do not think that it was necessary that the fees for custody should have been allowed before the action, the provision for such allowance, Pub. Stat. R. I. cap. 257, § 21,[1] relating only to the keeping of personal property attached and held on mesne process.

*Exceptions sustained, and case remitted to Special Court of Common Pleas for new trial.*

*Samuel W. K. Allen,* for plaintiff.

*Dexter B. Potter,* for defendant.

---

[1] As follows : —

"SECT. 21. The Supreme Court or Court of Common Pleas or Justice Courts, upon petition made by any sheriff or any other officer setting forth the facts on oath, may allow such fair compensation for the keeping of personal property attached and held on mesne process as shall on examination be found to be reasonable."