(Decided 1st July, 1870.)

GABRIEL D. LANGLEY, and others, Lessees, *vs.* RALPH F. JONES, and others, Devisees of MARTHA J. CHEW.

*Insufficient Return to a Sheriff's Levy—When it can, and when it cannot, be cured by reference to the Return to the Vendi, or to the Sheriff's Deed—Record evidence Unimpeachable by Parol admissions of Parties—Conventional Trust not created by Parol evidence—Objections to a Sheriff's Deed.*

A return by a sheriff that he had levied upon "part of a tract called 'Gidor,' containing twenty acres, and part of a track called 'Gilcard,' containing sixty-one and a half acres, more or less," is not sufficient, and is unavailable in ejectment to prove title in a purchaser.

In proving a title under a sheriff's sale, the purchaser may resort to the return of the sheriff to the *vendi,* or to the sheriff's deed to the purchaser, for the purpose of supplying a more accurate and intelligible description of the property actually seized and sold under the execution.

But a seizure of part of a tract of land without designating what part, does not authorize the sheriff to sell the interest of the defendant in the whole tract; nor is the defect in a levy on such part cured by a mere recital in his deed that he had levied on the whole tract.

In an ejectment suit, it is not competent to impeach the record title of those under whom the defendant claims, by offering their parol admissions against the record evidence, or to charge the property with a conventional trust by parol evidence

Where, in an ejectment suit, a sheriff's deed is offered in evidence, the purchaser's title cannot be impeached on the ground that several parcels of land were sold in one mass, or more land was sold than was necessary to satisfy the execution.

APPEAL from the Circuit Court for Prince George's County.

*First Exception:* The plaintiffs prayed the Court to instruct the jury that the record of proceedings in the judgment, in favor of Hanson Clarke against Robert F. Chew, and the schedule, return and advertisement of the sheriff, and the deed, as offered in evidence by the defendant, are not sufficient in law to establish an outstanding title as against the plaintiffs as to the two tracts of land or parts of tracts called Gileard and Gidor, named in the proceedings and claimed in the declaration in this cause, because the sheriff, in his said schedule, and return and advertisement, states that he seized and levied upon part of Gidor and part of Gileard, without indicating, with sufficient certainty, what parts of said lands were so seized and levied upon by him; secondly, that the said Hanson Clarke acquired no title under the said sheriff's sale of the tracts or parts of tracts aforesaid, called Gileard and Gidor, because the sheriff, in his schedule, and return and advertisement, states that he seized and levied upon part of Gileard and part of Gidor, without indicating, with sufficient certainty, what parts of said tracts were so seized and levied upon by him.

The defendants prayed the Court to instruct the jury that if they believe that the judgment offered in evidence by the defendants, was rendered in favor of Hanson Clarke against

Robert F. Chew; and that the *fieri facias* also offered in evidence by the defendants was issued in said judgment, and that said *fieri facias* came to the hands of Edward W. Belt, and that he was then the sheriff of Prince George's county; and that said *fieri facias* was levied on the lands mentioned in the schedule and return of the sheriff offered in evidence by the defendants, and also mentioned in the deed from said Hanson Clarke, and by deed conveyed to him, and that under said *fieri facias* the said lands were sold to said Hanson Clarke by the said sheriff, then the plaintiffs are not entitled to recover in this action; provided the jury shall further find from the evidence, that the said mentioned lands in said schedule, sheriff's return, advertisement and deed are the same lands sued for in this action.

The Court rejected the prayer of the plaintiffs and granted the prayer of the defendants. The plaintiffs excepted.

*Second Exception:* The plaintiffs having shown that the land in controversy was sold by Edward Belt, sheriff, to Hanson Clarke, and afterwards by Clarke to Walter Chew, from whom the defendants derived title, offered to prove that Walter Chew uniformly admitted that the title of the lands was in the children of Robert F. Chew, through whom the plaintiffs claimed. The Court refused to allow this testimony to go to the jury, and the plaintiffs excepted.

*Third Exception:* The plaintiffs offered to show by the widow of Robert F. Chew, that her husband complained to her that Hanson Clarke had promised him, if he would suffer him (Clarke) to buy land at the sheriff's sale, he (Clarke) would secure it by deed to his (Robert Chew's) children, which Clarke had refused to do. The Court excluded this testimony and the plaintiffs excepted.

*Fourth Exception:* The plaintiffs prayed the Court to instruct the jury that if they find from the evidence in the cause that the judgment debt under which the lands in controversy were sold to Hanson Clarke, amounting only to the sum of fifty-one dollars, with interest from the 24th of March, 1824,

and costs, and that the lands so to be sold under said executions consisted of three several tracts of land, as appears from the schedule, return and advertisement of said sheriff in said cause, and that the said tracts were valued and appraised at eight dollars per acre before said sale, and were worth that sum in fact, and that all of said tracts were sold in mass by said sheriff for less than one-fourth of their appraised value; and if they further find that the said Walter Chew in his lifetime admitted that the said title to said lands was in the lessor of the plaintiffs, then it is competent for the jury to find that the said sale was irregular and void, and if they so find, their verdict must be for the lessors of the plaintiffs, unless the jury further find from the evidence that the said sheriff could not have realized an amount sufficient to satisfy said executions by a sale of one of said tracts or parts of tracts, nor in any way except by a sale of all of said lands in mass.

The Court refused to grant this prayer, and the plaintiffs excepted. The verdict and judgment being against the plaintiffs, they appealed.

The cause was argued before BARTOL, C. J., BRENT, MAULSBY, ALVEY and ROBINSON, J.

*C. C. Magruder* and *W. H. Tuck*, for the appellants.

The sheriff having levied on parts of the tracts of Gidor and Gileard, could not sell the whole tracts, or the defendants' interests in the whole tracts, because he could not sell what he had not levied on; but if he had levied on the whole tract, he might sell the defendants' interest therein. *Berry vs. Griffith,* 2 *H. & G.,* 337.

A levy deficient in certainty, may be perfected by a special return, but then the special return must be according to the facts, and not embrace more land than was actually levied on. *Waters vs. Duvall,* 11 *G. & J.,* 31.

It is not pretended that anything was done to perfect the levy and sale, except the execution of the deed.

Does that supply the want of certainty in the description?

If the deed had contained an accurate description of the parts of these lands that were levied on and sold, there might be some foundation for the defense now relied on, but it does nothing more than assert, by way of recital, what his previous official acts of record shewed to be untrue, and then purports to convey a greater interest than had been levied on and sold. Every fair intendment being made in support of the acts of officers, if the defendants had offered the *fi. fa.* and deed only, perhaps they would, in the absence of proof to the contrary, have been *prima façie* evidence of the seizure and sale, and passed title to the defendants' interest in these tracts, because the deed conveys the whole tracts; but when the previous acts and the recitals in the deed do not agree, which is to prevail?

Where a matter is averred in an instrument offered in evidence, and the other evidence offered in support of the averment contradicts it, the latter will prevail. *Hammond vs. O'Hara*, 2 H. & G., 111.

If the levy was actually made on the whole tracts, or on the defendants' interest in the whole tracts, the sheriff ought to have amended his return. But a levy that is void for uncertainty, cannot be set up by matter *de hors* the return, and a sale under it passes no title. *Thomas vs. Turvey*, 1 H. & G., 435.

It is the sheriff's duty to sell so much property as will pay the execution and no more, where that can be done. It is his duty to divide lands for that purpose, and a sale may be quashed on that ground.

And the objection may be made not only by motion to quash the sale and return; but where, in an action at law, the sheriff's sale is relied on as evidence of title. *Nesbitt vs. Dallam*, 7 G. & J., 512; *Berry vs. Griffith*, 2 H. & G., 337.

*Daniel Clarke*, for the appellees.

It was competent for the Court to look to the whole proceedings of the sheriff, including the deed, to show a valid

seizure and sale, and the recitals of the seizure and sale by the sheriff in the deed may cure or correct any misdescription or error made by the sheriff in the said schedule and advertisement, and the Court therefore properly granted the defendants', prayer, and rejected the prayer of the plaintiffs. It is the sale which confers title. *Boring's Lessee vs. Lemmon*, 5 *Har. & Johns.*, 223; *Barney vs. Patterson*, 6 *Har. & Johns.*, 204; *Hanson vs. Barnes' Lessee*, 3 *G. & J.*, 368, 369; *Estep vs. Weems*, 6 *G. & J.*, 306, 307; *Clarke vs. Belmear*, 1 *G. & J.*, 443–448; *Huddleson vs. Reynolds' Lessee*, 8 *Gill*, 336; *Nelson vs. Turner*, 2 *Md. Ch. Dec.*, 77.

The Court properly rejected the plaintiffs' prayer contained in the fourth exception, because the facts upon which the prayer is framed, could only have been relied upon on a motion to set aside the sale made upon the return of the writ, and the sale cannot be declared void and irregular in this collateral proceeding, or in an action of ejectment to try the legal title to the land instituted nearly twenty years after the sale and deed from the sheriff. *Nesbitt vs. Dallam*, 7 *G. & J.*, 512; *Berry vs. Griffith*, 2 *Har. & Gill*, 345.

BARTOL, C. J., delivered the opinion of the Court.

This suit was brought by the appellants; the parties on each side claimed title under Robert F. Chew. The title of the defendants was derived under a seizure and sale by the sheriff by virtue of a writ of *fieri facias* against Robert F. Chew. In support of which they offered in evidence the judgment and execution, with the return of the sheriff thereto, and also the deed of the sheriff conveying the land to the purchaser. This title was assailed upon the ground that the seizure made by the sheriff under the *fieri facias* so far as respected the tracts called "*Gidor*" and "*Gileard*" was insufficient and void for uncertainty in the description of the land taken under the levy; and consequently no title passed to the purchaser.

The schedule returned by the sheriff of the property seized is as follows:

"A schedule of the several tracts of land of Robert F. Chew, levied on and taken in execution at suit of Hanson Clarke, to wit: All the right, title, claim, interest and estate, in and to the several tracts, parts of tracts of land lying in Prince George's county, named as follows: Moore's Part of Barbadoes, enlarged, containing 193 acres, part of a tract called Gidor, containing 20 acres, and part of a tract called Gileard, containing $61\frac{1}{2}$ acres, more or less."

The advertisement of sale accompanying the return, described the property in the same way.

The sale was made on the 13th day of April, 1829. On the 15th day of the same month, the sheriff executed a deed to the purchaser, reciting that he had levied upon a tract of land called "Barbadoes," a tract of land called "Gidor," and a tract of land called "Gileard," and sold the said several tracts of land so as aforesaid taken in execution, &c.

The point raised by the first prayer of the appellants is that no title passed to the purchaser in the tracts called "Gidor" and "Gileard;" because the sheriff in his schedule and return to the *fieri facias* and in the advertisement, states that he had seized and levied upon *part of Gidor and part of Gileard,* without indicating with sufficient certainty what part of said lands were so seized and levied upon by him.

Unquestionably the return to the *fieri facias* of the seizure and sale is wholly defective and insufficient.

In *Clarke vs. Belmear,* 1 *G. & J.,* 443, it was held that "a return by the sheriff to a writ of *fieri facias* that he had levied upon 'part of a tract called B, containing, &c.,' is not sufficient, would be quashed on motion, and would be unavailable in ejectment to prove title in a purchaser."

The same proposition was decided in *Thomas's Lessee vs. Turvey,* 1 *H. & J.,* 435, and such has always been the uniform and established doctrine in Maryland; because such a return is altogether uncertain, and affords no means for locating the property seized and sold.

But the appellees contend that the purchaser is not confined to the return made to the *fieri facias*, that he has a right in support of his title to resort to all the official proceedings of the sheriff; that when the return to the *fieri facias* is defective, it may be amended and rendered certain, by the return of the sheriff to the *vendi*, or by the sheriff's deed to the purchaser; and that the defective seizure in this case has been cured by the recitals in the sheriff's deed.

In support of this position we have been referred to *Clarke vs. Belmear*, 1 *G. & J.*, 443, and *Wright vs. Orrell*, 19 *Md.*, 151.

It is necessary to examine those cases in order to see how far they sustain the position of the appellees.

In *Clarke vs. Belmear*, the return to the *fieri facias* and the schedule therewith, stated the levy to be upon "part of Burgess's Delight, part of Clarke's Fancy, and part of Hickory Thicket, supposed to contain 275 acres." A writ of *venditioni exponas* was thereupon issued, and in the sheriff's return to this writ he describes the land seized and sold by metes and bounds, describing the same as being "the whole of the said several tracts of which the defendant was in possession at the time of the sale," thereby rendering certain the land which had been seized, and thus the defective description in the return to the first writ was cured.

And so in *Wright vs. Orrell*, the seizure was of "the following property, the farm where Edward Potts now lives, containing 200 acres," and it was held that the deed of the sheriff containing a full and particular description of the land seized and sold, as the "farm on which Potts lived," was legal and competent evidence in support of the purchaser's title, and for the purpose of supplying a more accurate and intelligible description of the property actually seized and sold under the execution.

To this extent and for this purpose, the purchaser is entitled to rely upon the sheriff's deed, as part of his official proceedings.

In this case the deed of the sheriff is invoked for a very different purpose; not to cure a mere defect in the description of the property seized under the *fieri facias,* but to change the extent of the levy; and thus by a recital in the deed to make it operate to convey, not the land seized under the execution, but other and different land. No case has gone so far as to authorize us to give such effect to the deed of the sheriff; and indeed it would be unreasonable, it seems to us, to give any such effect to the recitals in the deed. Its office is to convey to the purchaser the property seized and sold under the execution, it may by a more precise and formal description cure the defects in the return growing out of the generality of description; but it cannot operate to convey property which has not been seized by the sheriff, or by its recitals to change or enlarge the extent of the seizure. To give to the deed such effect, might lead to great wrong and injustice. Although it is in one sense an official act by the sheriff, yet it is an act done in *pais,* and is not like his return to a *fieri facias* or *vendi* an act done in Court, subject to the Court's supervision and correction.

As very well stated in the appellants' brief, " it is one thing to make perfect by a special return or a deed what was uncertain and imperfect, by statements or recitals consistent with what had been done, and quite another thing to attempt the same result by averments showing a different levy and return from those actually made."

In *Waters vs. Duvall,* 11 *G. & J.,* 37, a question arose upon the sufficiency of a purchaser's title under a sheriff's sale; in that case, as in this, the return to the *fieri facias* set forth a levy upon *part of a tract of land called Friendship,* containing one hundred and eighty acres. In the return to the *vendi,* the sheriff stated that he had sold the whole tract. The Court decided that, " it not appearing by the return of the sale what part of the entire tract sold, had been seized under the first writ, the whole sale was necessarily void for uncertainty."

There, as here, an attempt was made to support the sale by relying upon the sheriff's deed. But the Court decided expressly, that the defect was not cured or remedied by the deeds executed by the sheriff to the purchaser.

We have referred to the record of the case of *Waters vs. Duvall,* in Liber R. W. G, No. K—the sheriff's deed is on pages 45, 46 and 47, and is almost identical with the deed in this case. There the sheriff recited in the deed that he had levied on a tract called Friendship, called in the return to the *fieri facias* " part of Friendship," and proceeded to convey the said tract, "*so as aforesaid levied on and sold,*" to the purchaser.

The decision in *Waters vs. Duvall* is, therefore, an express adjudication of the very question here presented, and, in our judgment, is conclusive of the present case.

It rests upon sound reason, and is supported by the plain and obvious principle, that a sheriff cannot sell and convey, under an execution, property which he has not seized. A seizure of a part of a tract of land, without designating what part, does not authorize the sheriff to sell the interest of the defendant in the whole tract; nor is the defect in the levy cured by a mere recital in his deed that he had levied on the whole tract.

We are of opinion, therefore, that the first prayer of the appellants ought to have been granted, and the Circuit Court erred in refusing it and granting the prayer of the appellees in the first bill of exceptions.

We concur with the ruling of the Circuit Court in rejecting the parol evidence offered by the plaintiffs below, in the second and third bills of exceptions, and in rejecting the prayer offered by them in the fourth bill of exceptions.

It was not competent to impeach the record title of those under whom the defendants claimed, by offering the parol admissions of the parties against the record evidence; or to charge the property with a conventional trust by parol evidence. The parol evidence offered for that purpose in the

second and third exceptions, was, therefore, inadmissible, and properly rejected.   In support of the ruling of the Circuit Court in these exceptions, no authority need be cited; and the action of the Circuit Court in rejecting the plaintiffs' prayer, in the fourth bill of exceptions, is equally free from objection.   The alleged irregularity of the sheriff in selling all the parcels of land in one mass, or in selling more land than was necessary to satisfy the execution—however it might have afforded ground of objection to the sale if it had been urged on motion in Court at the proper time, cannot be relied on for the purpose of impeaching the purchaser's title in this suit.

*Judgment reversed,*
*and new trial awarded.*

(Decided 1st July, 1870.)