(Decided December 3rd, 1862.)

---

HENRY E. WRIGHT and CHARLOTTE A. WRIGHT, his Wife, and WILLIAM T. WRIGHT, *vs.* ZEBULON S. ORRELL.

A purchaser of property sold by a sheriff, under an execution, may deduce his title from any part of the official proceedings of the sheriff, and if there be in any of them evidence showing with certainty, and by a sufficient description, the extent and limits of the property seized and sold, the sale will be effective, and the title of the purchaser, in that respect, valid.

APPEAL from the Circuit Court for Queen Anne's county.

This was an action of *trespass quare clausum fregit*, instituted by the appellants against the appellee, on the 10th. of February 1858, for breaking and entering "certain lands of the plaintiff's, called '*Chesnut Meadows*,' and cutting and taking timber trees therefrom." The defendant pleaded, first, that he "did not commit the wrong alleged," and secondly, "that the land called '*Chesnut Meadows*,' where the alleged trespass was committed, was his land." Three exceptions were taken by the appellants, in the Court below, the first and third of which were abandoned at the hearing in this Court. The evidence offered by the plaintiffs and defendant, relating to the second exception, is fully stated in the opinion of this Court. Upon that evidence the plaintiffs offered the following prayer: "That if the jury believe, from the evidence, that the farm where Edward Potts lived, in the year 1821, at the time of the seizure by the sheriff, did not extend so far south as to include the place on which the alleged trespass was committed, then the defendant cannot make title to the place on which the trespass was committed, under the deed from Sheriff Betton to Solomon Wright." This instruction the Court (CARMICHAEL, J.,) refused to give; to which refusal so to instruct, the plaintiffs excepted, and the verdict and judgment being in favor of the defendant, appealed.

The cause was argued before BARTOL, GOLDSBOROUGH and COCHRAN, J.

*E. F. Chambers,* for the appellants:

The return to the *fieri facias* was the best, and the proper evidence of the description and extent of the property seized. *Waters vs. Duvall*, 11 *G. & J.*, 37. The sheriff could not convey title by his deed to more or other land than that seized under the *fieri facias*. Parol evidence as

Wright, *et al.*, *vs.* Orrell.

to the description and extent of the property seized, having been received without objection in the Court below, whether it was rightfully admitted or not, is not now a question for this Court.

*John M. Robinson*, for the appellee:

The defendant, as purchaser under a sheriff's sale, had a right to resort to the whole judicial proceedings, in order to perfect his title. If the sheriff's schedule was defective, he had the right to amend it by special return or by his deed. *Berry vs. Griffith*, 2 *H. & G.*, 337. *Clarke vs. Belmear*, 1 *G. & J.*, 444. *Estep & Hall's Lessee, vs. Weems*, 6 *G. & J.*, 303. The seizure by the sheriff is only necessary to identify the property, and the schedule need not be technically minute. *Hawkins vs. Hanson*, 1 *H. & McH.*, 523. *Buchanan's Lessee, vs. Stewart*, 3 *H. & J.*, 329. We had a right to resort to either description, that in the schedule, or that in the deed. There is no evidence legally sufficient whereon to base the plaintiffs' prayer. Parol declarations of tenants or other parties could not operate to diminish the grant in our deed. The defendant claims title under sheriff's sale, on various judgments. The plaintiffs only offered in evidence the schedule and judgment in the case of *John Brown vs. Pratt*. In the absence of evidence to the contrary, we hold that the Court is to presume that the schedule in the other executions conforms to the deed, whereas the prayer is based upon the hypothesis that the schedules in all the executions are alike defective. *Estep & Hall's Lessee, vs. Weems*, 6 *G. & J.*, 306. *Waters vs. Duvall*, 11 *G. & J.*, 37.

Cochran, J., delivered the opinion of this Court:

This appeal was taken from a judgment in favor of the appellee, in an action of trespass *q. c. f.*, brought by the appellants, for cutting timber on a tract of land called

20    v.19

"Chesnut Meadow," claimed by them under a sheriff's deed, executed in October 1825, on a sale made in pursuance of an execution on a judgment obtained against Henry Pratt, in May 1822. The appellee took his defence on a plea that the title to the *locus in quo* was in himself, and in support of that defence, offered in evidence a sheriff's deed, through which his title was derived, executed on a sale made in April 1822, in pursuance of sundry executions on judgments obtained against Pratt; he also offered in evidence the sheriff's return and schedule to one of the executions issued on a judgment entered in May 1821. It appears from the record that the tract called "Chesnut Meadow," constituting a part of the property conveyed to Solomon Wright, by the deed executed in April 1822, also constituted a part of the property described in the sheriff's deed, executed in October 1825, under which the appellants claim.

The return made by the sheriff, on the execution issued on the judgment obtained in May 1821, was, that he had taken as of the goods, chattels, lands and tenements of Henry Pratt, "*the following property, the farm where Edward Potts now lives, containing* 200 *acres.*" Evidence was offered by the appellants to show that Edward Potts did not occupy the particular tract called" Chesnut Meadow," at the time the property was seized by the sheriff.

The appellants took three exceptions, the 1st and 3rd of which they abandoned in argument, and the only question for consideration is presented by the 2nd exception. The theory of the instruction sought in this exception was, that the sheriff's return to the *fieri facias* constituted the only evidence of the extent of the levy, and considering it in connection with the evidence that Potts was not then in possession of Chesnut Meadow, the seizure did not embrace that tract, and that the sheriff, for that reason, had no power to make the sale and conveyance of it to Solomon

Wright. We have therefore to consider, 1st, whether the sheriff's return to the *fieri facias* was the only proper evidence of the extent of the seizure; and, if so, 2nd, whether the return offered in evidence was sufficient to authorize the sale and conveyance, as described in the sheriff's deed to Solomon Wright.

In making a sale under an execution, so as to vest a valid title in the purchaser, it is necessary that the sheriff should first effect an actual seizure; for, in contemplation of law, his power to sell is limited to property taken into custody by the levy of the writ of *fieri facias.* The sheriff, to be regular in his proceeding, should, by a proper description in his return to the *fieri facias* or schedule, show the extent and subject of the levy, for if the description be so general as not to point out nor afford means for locating the property seized, the return could be set aside or quashed on motion, although that defect would be cured by either an amended return to the *fieri facias*, by the return to the *vendi.*, or, by the deed to the purchaser, so describing the subject of the levy as to give certainty and legal effect to the seizure actually made under the *fieri facias*. A purchaser of property sold by a sheriff, under an execution, may deduce his title from any part of the official proceedings of the sheriff, and if there be in any of them evidence showing with certainty, and by a sufficient description, the actual seizure of the property sold, the sale will be effective, and the title of the purchaser valid in that respect. *Berry vs. Griffith*, 2 *H. & G.*, 337. *Clarke vs. Belmear*, 1 *G. & J.*, 443. *Estep & Hall's Lessee, vs. Weems*, 6 *G. & J.*, 303. Upon these authorities the instruction contended for could not have been granted, as it assumes the sheriff's return to the *fieri facias*, offered in evidence, to be the only proper evidence of the extent of the levy made by him, notwithstanding the particular description, by metes and bounds, contained in the deed to Solomon Wright, of the

property seized under that and the other writs of execution, therein recited, of which the purchaser, or the defendant claiming under him, had a right to avail himself. The return to the *fieri facias*, on the judgment of May 1821, is general, though, in our opinion, not uncertain nor inconsistent with the full and particular description contained in the sheriff's deed to Wright. The record contains no evidence that "Chesnut Meadow" was not a part of the farm where Edward Potts lived, nor was any offered to show that the sheriff seized only the part of Pratt's land then in the occupancy and possession of Potts. The levy was on all the farm where Edward Potts lived, and the extent of the seizure could not be limited by evidence showing his occupation and possession of a particular portion of it. The sheriff's return to the *fieri facias* was proper evidence of what he had levied on, and, in our opinion, was sufficient, in that respect, to support the title of Wright, although, in view of the more accurate and intelligible description contained in the deed, it was not the best evidence of the extent of the seizure. If the return was doubtful or uncertain, which, we think, does not appear, all doubt was removed by the recitals and description of the property contained in the deed ; and as the purchaser, in support of his title, may look to all the sheriff's official proceedings, for the purpose of giving certainty and effect to his seizure and sale, we think there was no error in refusing the instruction sought.

*Judgment affirmed.*

(Decided December 5th, 1862.)