# GEORGE H. MILLER *vs.* GEORGE W. WILSON, Administrator of R. W. BUNNELL.

*Sufficiency of a Sheriff's return to a Writ of Fieri Facias — Purchaser at a Sheriff's Sale — Habere Facias Possessionem.*

A writ of *fieri facias* was issued on the 12th of January, 1864, returnable to the April Term ensuing, of the Circuit Court for Prince George's county, upon a judgment rendered against the appellant in favor of the appellee. On the 16th of May, 1864, the sheriff made return of the writ, setting forth his seizure and sale thereunder, of a lot of ground as the property of the appellant, the defendant in the execution, and then in his possession. The return further stated that the said real estate and premises were sold to the appellee, the plaintiff, who was the highest bidder therefor; and that by said sale the sheriff made the debt, interest and costs in said writ specified, and paid the same to the plaintiff. Accompanying the return, as part of it, was an advertisement signed by the sheriff, setting forth that the property would be sold at public sale, to the highest bidder, for cash, at the residence of the appellant, on Friday, the 5th of February, 1864, at 12 o'clock, M. HELD:

1st. That the return of the sheriff to the writ of *fieri facias* was sufficient.

2d. That the return imported that the property was sold at public sale, and that the price at which the sale was made, was the amount due upon the execution.

3d. That the purchaser at the sheriff's sale acquired the title held by the appellant at the time the judgment against him was rendered; and his right to the writ of possession cannot be defeated by any agreement which the appellant may have made with a third party, after the seizure and sale, to become his tenant.

The omission by the sheriff to state, affirmatively, that legal notice was given by him of the sale under the *fieri facias*, or the price at which the property was sold, does not impair the validity of the return to the writ, or the title of the purchaser.

The omission by a sheriff to have the property, which was seized under the execution, appraised before it was sold, is no ground of objection to an application for the writ of possession by the purchaser.

APPEAL from the Circuit Court for Prince George's County.

The cause was argued before BARTOL, C. J., STEWART, MAULSBY, GRASON, MILLER and ALVEY, J.

*Woodbury Wheeler* and *Fendall Marbury,* for the appellant.

*Frank. H. Stockett* and *C. C. Magruder,* for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

The order from which this appeal was taken was passed by the Circuit Court for Prince George's county, on the 22d day of April, 1869, awarding a writ of *habere facias possessionem* to the appellee, who had purchased at sheriff's sale, under a writ of *fieri facias,* a lot of ground in the possession of the appellant, the defendant in the judgment upon which the execution had been issued.

The lot of ground was seized and sold as the property of the appellant. At the sheriff's sale the property was purchased by the appellee. No question is raised upon the form of proceeding for obtaining the writ; it is in conformity with the Code, Article 75, section 64, as amended by the Act of 1864, ch. 283.

The appellant, in answer to the rule to show cause, filed a paper setting forth the reasons or grounds relied on to defeat the application for the writ. To this paper a demurrer was filed, and the question before us, therefore, is, whether the causes alleged by the appellant are sufficient in law to prevent the issuing of the writ. These present two subjects of inquiry:

1st. As to the regularity of the seizure and sale by the sheriff, and the sufficiency of his return to the execution.

2d. As to the nature and character of the appellant's possession.

1st. As we have construed the paper filed by the appellant, we understand the several objections made to the proceedings

by the sheriff, under the writ of *fieri facias*, to resolve themselves into the question of the regularity and sufficiency of those proceedings, as disclosed by the return to the writ. The allegation is, "that the sheriff has pretended to levy upon the rights of this defendant, and did proceed to sell the same without any appraisement, not showing in his return what day the sale took place, whether he gave the notice required by law, or that it was placed at the court-house door, or what day it was placed there, if at all; nor does it appear when the levy was made, when and where said sale was made, nor sufficient and proper statement of the amount realized; no receipt nor docket entries to show that the money has been made and paid."

The paper then goes on to reiterate the same averments as to the insufficiency of the levy, want of proper notice of sale, &c., not, however, alleged as facts within the knowledge of the appellant, verified by his oath, and admitted by the demurrer, but as matters appearing upon the face of the sheriff's return.

In order to see whether these objections are well founded, we must refer to the proceedings under the execution. The writ of *fieri facias* was issued on the 12th day of January, 1864, returnable to the April term thereafter, upon a judgment rendered against the appellant, Miller, in favor of Wilson, administrator of Bunnell.

On the 16th day of May, 1864, the sheriff made return of the writ, setting forth his seizure and sale thereunder, of a lot of ground, as the property of Miller, the defendant, in the execution and then in his occupancy and possession. No possible objection can be made to the levy, or to the designation of the property seized and sold; in these respects the sheriff's return is full and sufficient. It does not state when and where the property was sold, nor that public notice, as required by law, was given of the sale. Accompanying the return, as part of it, is an advertisement signed by the sheriff, setting forth that the property would be sold at public sale to the highest

bidder for cash, at the residence of George H. Miller, on Friday, the 5th day of February, 1864, at 12 o'clock, M.

The language in the return imports that the property was sold at public sale, it states that "the said real estate and premises were sold to Geo. W. Wilson, who was the highest bidder therefor;" and the sheriff further states in the return, that "by said sale he made the debt, interest and costs in said writ specified, and paid the same to the plaintiff."

We find no sufficient ground for impeaching the sufficiency of the sheriff's return. The omission to state affirmatively that legal notice of the sale was given, does not impair the validity of the return or the title of the purchaser. If a sheriff's sale is impeached for such cause, it must appear affirmatively that due notice was not given; for everything is to be presumed in favor of the performance of his duties by the sheriff. *Hanson vs. Barnes,* 3 *G. & J.,* 359. Nor will the omission to state the price at which the property was sold have that effect. In this case it appears that the same person, who was plaintiff in the execution, and entitled to receive the money due thereon, was the purchaser. The sheriff returns that by the sale he made the debt, interest and costs specified in the writ, and paid them to the plaintiff; this imports that the price at which the sale was made, was the amount due upon the execution. If a more precise statement was desired by the defendant, he had an opportunity, by motion made at the return of the writ, to object to the return in this respect. It is too late to do so, after the lapse of the term, and by way of objection to the application for the writ of *habere* made by the purchaser. The same answer may be made to the objection, that the sheriff failed to have the property appraised. There is no law in Maryland requiring an appraisement, and in *Williamson vs. Perkins,* 1 *H. & J.,* 451, it was conceded, by counsel on both sides, that an appraisement was not necessary. Mr. Evans in his book of Practice, 480, says there is no law in force in this State requiring it; but speaks of the usage as having acquired the

force of law. It is very clear, however, that an omission of an appraisement is no ground of objection to an application for the writ of possession by a purchaser.

2d. The second ground of defence relied on by the appellant, is based on an alleged adversary possession by him, as tenant of Fendall Marbury, Esq., who was not a party to the judgment and execution, and who claims title to the land from strangers. His title is alleged to have been acquired in 1869. The judgment against the appellant upon which the execution was issued, and the land seized and sold, was rendered in 1863. At that time the appellant was in possession, claiming title under Bunnell, and his possession continued till the sale, and still continues.

In order to defeat the appellee from obtaining possession of the property purchased at the sheriff's sale in 1864, the appellant now claims to hold possession under an agreement with Marbury as his tenant. Such a defence cannot be maintained for a moment. The purchaser at the sheriff's sale acquired the title held by the appellant at the time the judgment was rendered, and his right to the writ of possession cannot be defeated by any agreement which the appellant may have made with Marbury, after the seizure and sale, to become his tenant.

The rights of Marbury in the land, if he has any, are in no manner affected by these proceedings, to which he is a stranger. He is not a party to the cause, and could not be made a party by the appellant's averment that he holds adversary rights in the land, and that the appellant has agreed to become his tenant. Marbury being a stranger to the cause, there is no force in the objection to the competency of the Judge of the Circuit Court to sit judicially in the case, and to pass the order allowing the writ; the order will, therefore, be affirmed.

*Order affirmed.*

(Decided 8th March, 1870.)