(Decided June 19th, 1877.)

---

SARAH A. BUSEY, next friend of LEONARD HILLEARY *vs.* WILLIAM H. TUCK and RICHARD H. MAGRUDER.

### SHERIFF'S SALES.

*When sheriff's sales will be set aside—Power of sheriff to complete the execution of a writ of Fi. Fa. after the expiration of his term of office—What constitutes a legal levy—Statute of 20th Geo. 2, ch. 37—Code, Art. 88, sec. 30.*

T. recovered a judgment against H. on which there was issued a writ of *fi. fa.* The sheriff made the levy, but did not sell the property levied upon until after the expiration of his term of office. On the return to the *fi. fa.* a motion was entered to quash the writ of *fi. fa.*, and the proceedings had under it, and to set aside the sale. Reasons for the motion were filed, denying the power of the sheriff to complete the execution of the writ after the expiration of his term of office, alleging inadequacy of price, no sufficient levy, and collusion between the sheriff and the purchaser. HELD :

1st. That the sheriff who begins an execution shall end it, though his term of office expires in the meantime.

2nd. When a sheriff seizes property under a *fi. fa.* and returns it "unsold for want of buyers," and goes out of office, the *vendi* must be issued to *him*, and not to his successor.

3rd. The *vendi* confers no new power on the sheriff; it only commands and requires him to do what he could have done under the *fi. fa.*, which is the effective writ.

4th. It is not necessary in order to the validity of a levy made under a *fi. fa.*, that the sheriff should go upon and view the land which he seizes. If he make a schedule of the property seized and give notice thereof to the party, it will be sufficient to constitute a valid seizure of the property described in the schedule.

5th. The purchaser is entitled to the benefit of all the judicial proceedings in the case, and if they furnish a description from which the property can be identified, it is sufficient.

6th. It would seem that the Act of 20th George 2, ch. 37, if it is to be construed as mandatory, has never been in force in Maryland.

APPEAL from the Circuit Court for Prince George's County.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, BRENT and ROBINSON, J.

*Joseph K. Roberts,* for appellant.

*Wm. H. Tuck* and *C. C. Magruder,* for appellee.

BARTOL, C. J., delivered the opinion of the Court.

This is an appeal from an order overruling a motion to set aside a sheriff's sale. A writ of *fi. fa.* was issued on the 30th day of April 1875, on a judgment recovered by William H. Tuck against Leonard Hilleary, returnable to June Term 1875 of the Circuit Court of Prince George's County. It was levied on the lands of the defendant, Hilleary, on the 26th day of May 1875.

Afterwards in the same year, the term of office of the sheriff expired by the election and qualification of his successor.

In June 1876, the then late sheriff, by whom the levy had been made, advertised and sold the land to Magruder, the appellee.

A motion to quash the writ and schedule, and set aside the sale was made by the appellant as next friend of Hilleary, he being alleged to be *non compos mentis*.

In support of the motion eleven reasons were assigned which we will consider in their order.

The *first, second, third,* and *tenth* reasons deny the power of the sheriff, after his term of office had expired, to complete the execution of the writ, which had been issued, and levied while he was in office.

The appellant's counsel refer to the Act of 20*th Geo.* 2, *ch.* 37; (*Alex. Br. St.,* 765.) It would seem that statute, if it is to be construed as mandatory, has never been in force in Maryland. The uniform practice in this State has always been that the sheriff who begins the execution shall end it though his term of office expires in the meantime. In 2 *Harris' Entries,* 776, where the form of a writ of *vendi* is given, it is said, if the sheriff is out of office, the writ is directed to him as "*late Sheriff,*" and in a note by the author on the same page, he says, "the sheriff that begun the execution shall end it, though he is out of office." *Salk.,* 323; *Ld. Raym.,* 990; 6 *Mod.,* 295, 296.

In *Purl vs. Duvall,* 5 *H. & J.,* 69, it was held that when a sheriff seizes property under a *fi. fa.* and returns it unsold for want of buyers, and goes out of office, the *vendi* must be issued to *him,* not to his successor.

It has been decided, that though a *fi. fa.* cannot be levied after the return day, if a levy has been made before, the property may be sold after the return day. *Gaither vs. Martin,* 3 *Md.,* 146. In *Clarke vs. Bealmear,* 1 *G & J.,* 443, 448; and *Manahan, et al. vs. Sammon, et al.,* 3 *Md.,*

463, it is said the *vendi* confers no power on the sheriff which he did not possess under the *fi. fa.* It only commands and requires him to do what he could have done under the *fi. fa.* which is the effective writ.

In *Moreland vs. Bowling*, 3 *Gill*, 500. It was decided that "a sheriff may return a *fi. fa.* in his hands after a levy and after an effectual effort to sell, not only until the return day has passed, but until several terms have passed, and may then sell."

The Code, Art. 88, sec. 30, provides "If any sheriff shall have property in execution, and shall fail to make sale thereof *for five years* * * * * * the person for whose use such execution was issued may in either case have a *venditioni exponas* issued to the sheriff for the time being."

This provision of the Code, and the authorities before cited are sufficient to show that the sheriff who made the levy, had power to sell after the return day of the writ of *fi. fa.* and after his official term had expired.

The fourth reason has been abandoned; this alleged that the parcel described as the "Three Sisters" is incorrectly described. The appellant concedes the description of this parcel in the schedule and return to be correct.

The *sixth reason* avers that the levy or seizure by the sheriff was not legally and properly made, "that he did not in fact go upon and view said real estate at the time the alleged levy was made by him." It appears from the return that two tracts of land were seized, one called "Three Sisters" on which the defendant Hilleary then resided, and also a tract of wood-land called "Warring's Lot."

The sheriff, *Wallis,* was first examined as a witness for the appellant—his attention being called to the schedule, he stated that he "did not enter upon and review both tracts of land, he was on the home place only at the time he made the levy, he gave notice to Leonard Hilleary of said levy at the time." Afterwards on his examination

Busey, *et al. vs.* Tuck, *et al.*

by the appellees he stated that "when the execution came into his hands he went to see Hilleary, told him his business; he told him he would have to levy on the place for the payment of the claim, * * * * * he told him he would levy on his land * * * and *he did levy before he left on all the land mentioned in the schedule."* This was a sufficient seizure, it was not necessary for him to go upon the other parcel of land, his notice to Hilleary, and his making the schedule was a sufficient seizure of the property therein described.

The *fifth reason* relates to the alleged "imperfect and false description of the real estate sold and conveyed to the purchaser, in the *schedule and return* and in the *advertisement."*

The only error or defect in the description relied on by the appellant as a ground for vacating the sale, is that the two tracts are described as "adjoining"—whereas the proof shows that "*Warring's Lot*" is situated from two to three miles distant from the home place, "*The Three Sisters."*

But this error does not affect the validity of the sale, it is cured by a reference to the other papers.

In the schedule and return they are described;—one tract by name, and the other by name and also as the tract occupied by the defendant. And in the amended schedule they are identified as "the same land of which the late S. O. Hilleary died seized and possessed, and which by her last will and testament she devised to the said Leonard Hilleary."

The purchaser is entitled to the benefit of all the judicial proceedings in the case, and if they furnish a description from which the property can be identified it is sufficient. *Berry vs. Griffith,* 2 *H. & J.,* 337 ; *Clark vs. Bealmear,* 1 *G. & J.,* 443 ; *Waters vs. Duvall,* 11 *G. & J.,* 37 ; *Baltz vs. Zentmeyer,* 11 *G. & J.,* 267 ; *Wright vs. Orrell,* 19 *Md.,* 151; *Langley vs. Jones,* 33 *Md.,* 171 ; *Jarboe vs. Hall,* 37 *Md.,* 345.

Looking at the proceedings in the light of the decided cases, we are of opinion the lands seized and sold are described with sufficient certainty.

The advertisement of the sale does not appear in the record, but assuming that it contained the same description as is found in the "special return," we think it was sufficient, and that the slight inaccuracy, before referred to, affords no valid reason for setting aside the sale. There is no evidence that the sale was in any manner prejudiced thereby. We refer to *Kauffman vs. Walker*, 9 *Md.*, 229; *Reeside vs. Peter*, 33 *Md.*, 120, and *Stevens vs. Boyd*, 44 *Md.*, 506.

The *seventh, eighth* and *ninth reasons* are based upon the alleged inadequacy of price for which the land was sold.

As in most cases where a question of this kind arises, there is much conflict in the testimony of the witnesses; after a careful consideration of the evidence, we concur with the Judge of the Circuit Court in the opinion, that "there is not such a case made out as will justify setting the sale aside on that ground."

The 11*th reason* alleges collusion between the sheriff and the purchaser. This is wholly unsupported by proof.

There is a good deal of evidence in the record, with regard to the mental condition of Hilleary the defendant in the judgment, and the testimony on this subject is also conflicting; but assuming as we think the weight of testimony shows, that he was of weak capacity, this fact, in the absence of evidence that any imposition was practiced upon him, or that there was any fraud, unfairness or surprise in making the sale, can furnish no ground for setting it aside.

Upon the whole case we are of opinion the Circuit Court did not err in overruling the appellant's objections, and must affirm its order, and remand the cause for further proceedings.

*Affirmed and remanded.*

(Decided June 19th, 1877.)