# THE EVANS MARBLE COMPANY OF BALTIMORE CITY

*vs.*

## GEORGE W. ABRAMS AND ALEXANDER J. ABRAMS, JR.

*Sales in Equity*: *intendments in support of—; adequacy of price; advertisement; sufficiency; description; reference to advertisement in other papers.*

Mere inadequacy of price is not sufficient to invalidate a sale, unless it is so gross as to indicate a want of reasonable judgment and discretion or misconduct or fraud in the trustee, or some mistake or unfairness for which the purchaser is responsible.                                                     p. 206

Every intendment will be made to support such sales, but where it is seen that through the ratification of the sale an injustice will be done to persons not in default, by reason of the carelessness or omission of the trustee, the court will interfere.                                                     p. 206

In this case a sale for $1,125 was not found to be for so grossly inadequate a price as to warrant setting the sale aside, although the property had been valued at from $1,400 to $5,000.
                                                    pp. 206-7

The advertisement was by a full description inserted for the statutory period in the *Daily Record* and by a shorter but correct description in the *Sun* and the *American*. Referring to that advertisement for full description: *Held,* that the advertisement was sufficient.                                 p. 207

*Decided June 28th, 1917.*

Appeal from Circuit Court No. 2 of Baltimore City. (BOND, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, STOCKBRIDGE and CONSTABLE, JJ.

*John L. G. Lee* and *Wm. Edgar Byrd,* for the appellants.

*Read A. McCaffrey,* for the appellees.

CONSTABLE, J., delivered the opinion of the Court.

This appeal is from a decree sustaining exceptions filed to the ratification of a trustee's report of sale and setting aside the said sale.

George W. Abrams and Alexander J. Abrams, Jr., gave to the appellant in 1894 a mortgage on leasehold properties in the City of Baltimore to secure the payment of $998.37. Default having been made in the payment of the mortgage debt, the appellant filed his petition to foreclose said mortgage. The usual decree to sell the property was passed, and a trustee appointed for that purpose. The appellant also filed in said proceedings a claim under a second mortgage from the same parties to it. The trustee offered the property described in the mortgage at public sale on the premises, and sold the same, in its entirety, to Patrick J. Cushen for the sum of $1,125.00. The surviving mortgagor filed exceptions to the ratification of the sale upon several grounds, all of which, except two, have been abandoned and need not be adverted to. The two reasons relied upon by the appellee for an affirmance of the decree passed are, first, that the property was sold for a greatly inadequate price; second, because of the injudicious, improper and insufficient advertising of said sale.

The law of this State is firmly settled in a long line of decisions, that in sales made by trustees under decrees in equity mere inadequacy of price standing by itself is not sufficient to invalidate a sale, unless it be so gross and inordinate as to indicate want of reasonable judgment and discretion, or misconduct or fraud in the trustees, or some mistake or unfairness for which the purchaser is responsible. Every intendment will be made to support such sales, but where it is seen an injustice will be done, through the ratification of a sale, to a person not in default, by reason of the carelessness or omission of its own officer, the Court will interfere to prevent it. Sales will not be set aside for causes that the parties in interest might, with a reasonable degree of diligence, have obviated. *Johnson* v. *Dorsey,* 7 Gill, 269; *Kauffman* v. *Walker,* 9 Md. 229; *Bank* v. *Lanahan,* 45 Md. 397; *Loeber* v. *Eckes,* 55 Md. 1; *Stewart* v. *Devries,* 81 Md. 528; *Thomas* v. *Fewster,* 95 Md. 446.

The mortgage covered two contiguous leasehold tracts of ground, containing approximately sixty-five hundred square feet and seventy-two hundred square feet, respectively; and, from the testimony taken, it appears that witnesses for each side admitted that the tracts would sell to better advantage as a whole than if offered separately, because of the extremely irregular shape of one of the tracts, so we are not concerned with the question as to the manner of offering the property for sale.

The witnesses produced by both sides were mainly of the real estate expert class, and, from a close reading of their testimony, we are unable to hold that the price realized was a grossly inadequate one, though to some extent it was inadequate. The prices placed by them upon both tracts as a whole, ranged from $1,400.00 to $5,000.00. The witness Wright was the one who put the highest valuation on the property and used this language in doing so: "I would think $4,500.00 or $5,000.00 would be a right moderate estimate of these two leasehold properties. I think they would be sold

or offered for sale at a great deal less price than that." It was also in evidence that the properties were assessed for the year 1917, in fee, for $8,700, but that the previous assessment made in 1913, the assessment in fee was $4,558.00.

Having determined that, in our opinion, there was no gross, but a mere inadequacy of price, we will now consider what effect the form of the advertisement played in the inadequacy. *Johnson* v. *Dorsey, supra.* The main advertisement was inserted in the *Baltimore Daily Record* and appeared for the time limited by the decree. Shorter advertisements were inserted in the *Baltimore Sun* and *The Batlimore American.* These two latter advertisements gave notice of a Trustee's Sale of the Valuable Leasehold Property No. 431 East Oliver street, to be held on the premises, on Monday, August 14, 1916, at four o'clock P. M., then followed a description of the improvements on the property, and referred prospective purchasers to the *Daily Record* for the terms and full description. The advertisement in the *Daily Record* was under the heading of "Trustee's Sale of Valuable Leasehold Property No. 431 East Oliver St.," and recited that the trustee would offer for sale, by public auction, on a certain date, "all that lot of ground and premises situate in Baltimore City and described as follows. Then followed a full description of the two tracts by metes and bounds, courses and distances, and showed that the tracts were subject to ground rents of $60.00 and $135.00 respectively. This was followed by a description of the improvements and the terms of sale. The description by courses and distances, meets and bounds, were the same descriptions as contained in the mortgage.

That this was a reasonable and fair notice of the sale and description of the property to be offered for sale we have not a doubt. It in most particular terms was calculated to let the public know exactly what property was brought into the market. It expressly located the property at 431 East Oliver street, and the most casual reader could tell that the

lots formed one whole tract and together had a large frontage on both Oliver and Belvedere streets, and formed a corner lot in the junction of those two streets. The appellee has cited several cases to us where sales were set aside for defects in the advertisement, but in all those cases the dissimilarity of the notices there held bad, to the notice in the present case, is plainly apparent. For instance, special reliance is placed by him in the case of *Kauffman* v. *Walker, supra*. In that case there was no number by which the property could have been identified, and one of the witnesses who had owned the property for ten years said, that he would not have known from the notice what property was to be sold, unless he had known the number of feet the property was from another street. So in all the cases cited some similar defect could be pointed out. The mortgagor saw the advertisement and attended the sale, but made no objection, before the sale or at the sale, of the insufficiency of the advertisement. He testified that the only effort he made to protect the property, was to borrow on a mortgage from a national bank, but was told by its officers that they could not lend money on mortgages, and he thereafter made no further effort to pay the mortgage or save the property.

We are of the opinion that the lower Court committed error in sustaining exceptions and setting aside the sale, and will therefore reverse the decree and remand the cause in order that a decree ratifying the sale may be entered.

*Decree reversed, with costs and cause remanded.*