## DARRAUGH *v.* PREISSMAN
[No. 185, October Term, 1948.]

*Decided June 28, 1949.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*Isidor Roman,* with whom was *Edgar Paul Boyko* on the brief, for the appellant.

*Solomon Hirschhorn,* with whom was *Isidore Gordon Preissman* on the brief, for the appellee.

GRASON, J., delivered the opinion of the Court.

On January 29, 1948, William J. Stocksdale recovered judgment against Robert L. Glass in the Superior Court of Baltimore City for $215.00, with interest and costs. On May 26, 1948, Stocksdale issued a writ of *fi. fa.* on said judgment and Joseph C. Deegan, Sheriff of Baltimore City, levied upon the leasehold property known as No. 1506 N. Caroline Street, Baltimore City, which belonged to the defendant Glass. The Sheriff, after following the usual procedure, on July 9, 1948, sold the property levied upon to William J. Darraugh. On June 15, 1948, Robert L. Glass, the judgment debtor, entered

into a written agreement to sell the said leasehold property to Benjamin Preissman.

On July 12, 1948, Preissman filed a bill against Robert L. Glass and his wife, Helen E. Glass, Joseph C. Deegan, Sheriff, and William J. Darraugh, in which he prayed: (1) That the defendants be enjoined from disposing or otherwise dealing with said property in derogation to the rights, title and equity which Preissman acquired under the contract of sale from Glass and wife. (2) That Glass and wife specifically perform their contract upon Preissman paying to them the balance of the purchase price specified in the contract of sale, less the liens and encumbrances on or against the same, as aforesaid, and to pay said liens and encumbrances to the persons entitled to them, and for other relief.

The bill alleges the execution of the contract whereby Glass and his wife agreed to sell the said property to Preissman for $5900.00 subject to an annual ground rent of $66.00, and files the contract of sale as an exhibit; that Preissman served notice on the holder of the ground rent of his intention to redeem; that Preissman arranged to create a new ground rent on said property; that he employed the services of an attorney to examine the title to the property, which has been completed, and that Preissman is ready, willing and able to consummate the contract of sale; that the title examination disclosed: (1) a mortage on said property to secure a loan of $1700.00 and that there is now due and owing on said mortgage approximately $950.00; and (2) a judgment recovered by William J. Stocksdale against Robert Glass for $215.-00, plus costs and interest thereon, which judgment was entered on or about January 29, 1948; that a *fi. fa.* was issued on said judgment and the Sheriff sold said property to William J. Darraugh for the sum of $2600.00; that the defendant, William J. Darraugh, at the time he purchased the property at the Sheriff's sale could not have acquired any greater or other title to said leasehold property than that owned or possessed by the judgment debtor, Robert Glass, at the time of the Sheriff's sale;

that unless the court assume jurisdiction for the purpose of determining the respective rights, interest and title of the parties hereto in and to said leasehold property, Preissman will suffer great loss and damage; and that he has no adequate remedy at law.

It will be noted that the bill makes no complaint whatever regarding the proceedings under the *fi. fa.*, nor the sale under the same by the Sheriff of Baltimore City. In fact, at the argument counsel for appellee stated there was nothing wrong in these proceedings whatever. The bill does not allege that the price the property brought at Sheriff's sale was even inadequate, to say nothing of being grossly inadequate. At the time Priessman entered into the contract to purchase this property from Glass and his wife it had actually been levied upon by the Sheriff. The procedure under the *fi. fa.* and sale thereunder is free from legal objection. Unless there was an exception filed by Glass to the ratification of the sale, and there was none, the property belonged to the appellant, for at the sale he acquired all right, title and interest in law and in equity to the property sold.

"The appellant, at a judicial sale, purchased the interest of William Lowe in this property, in reliance, as we must suppose, upon Reich's deed to him and his sister. He was substituted, by law, to the rights of the judgment creditor, under whose execution he made the purchase, (*Spindler v. Atkinson*, 3 Md. [409], 423 [56 Am. Dec. 755]), and cannot be affected by the disclaimer of title made by William Lowe, or by the deed from him to his sister, executed after the judgment became a lien on the property. *Anderson v. Tydings*, 8 Md. 427, 63 Am. Dec. 708." *Campbell v. Lowe*, 9 Md. 500, at page 508, 66 Am. Dec. 339.

In *Manton v. Hoyt*, 43 Md. 254, the facts were: O'Hern confessed judgment to Nicholas in April, 1855, who in April, 1866, caused execution by attachment to be issued thereon and the land was seized by the marshal as unoccupied and so returned. O'Hern appeared, judgment of condemnation was rendered, *fi. fa* was executed there-

on in 1867, and the land was sold and conveyed by the marshal to Nicholas. The defendants in the case claimed under this title. In May, 1855, O'Hern conveyed the lands to the Coal Company, and the plaintiffs in the case claimed under that title. The court said:

"The attachment, condemnation and sale of the property under the authority of the Circuit Court, were sufficient to vest in the defendants all the title, which belonged to O'Hern, at the time of the rendition of the original judgment against him. That judgment existed as a lien on the land, then held by O'Hern, subject of course to all judgment liens and outstanding equities, existing anterior thereto. * * * The plaintiffs as alienees of O'Hern, subsequent to the rendition of the judgment, are to be presumed to have had notice thereof, and to have acquired title, in subordination thereto." See *Hammer v. Westphal*, 120 Md. 15, 87 A. 488.

The appellee could not compel Glass to sell him property that at the time of the contract for the sale of the same had been levied upon under a judgment against Glass held by Stocksdale. What the appellee did after the date of the contract of sale, with reference to the ground rent on the property, is entirely immaterial and does not affect the matter.

As has been said, the bill does not directly allege that the price for which this property was sold by the Sheriff was inadequate, but even if it were so alleged, mere inadequacy of price, standing alone, is insufficient to set aside a judicial sale. *Evans Marble Co. v. Abrams,* 131 Md. 204, 101 A. 964; *Kres v. Hornstein,* 161 Md. 1, 155 A. 171.

In *Lewis v. Beale,* 162 Md. 18, 158 A. 354, 356, Judge Parke said: " * * * so the only ground of objection to be decided is whether or not the purchase price of $9,900 is so grossly inadequate that misconduct or fraud on the part of the trustees or purchaser is shown."

And it has been said that " 'courts maintain with jealous vigilance the titles of purchasers under judicial sales, and go very far in favoring and supporting them.'

*Tomlinson's Lessee v. Devore,* 1 Gill 345; *Manahan v. Sammon,* 3 Md. 463; *Elliott v. Knott,* 14 Md. 121, 74 Am. Dec. 519; *Davis v. Helbig,* 27 Md. 452, 92 Am. Dec. 646; *Wilson v. Miller,* 30 Md. [82] 90 [96 Am. Dec. 568]; *Harris v. Hooper,* 50 Md. 537, at side page 549."

The defendant claims that this case is governed by *Caltrider v. Caples,* 160 Md. 392, 153 A. 445, 87 A. L. R. 1500. In that case the judgment was entered after the date of the contract of sale and it was held that in equity title passed to the purchaser as of the date of the contract of sale and that therefore a judgment rendered after that date, but before the execution and recording of the deed under the contract of sale, was not a lien upon the property conveyed. In the case at bar the contract of sale was not made until after the judgment was rendered and the Sheriff had levied and seized the property in question. It was said in the Caltrider case that in the absence of fraud or bad faith, one claiming merely as a judgment creditor of the vendor of land cannot question the validity of the contract of sale when this had been performed by the vendor by making a conveyance. There is nothing in the bill considered that charges bad faith or fraud.

The demurrer should have been sustained. *Cf. Kolker v. Gorn,* 193 Md. 391, 67 A. 2d 258.

*Order reversed, bill dismissed with costs.*