**AERO CORPORATION**

v.

**ASSOCIATED AERIAL SURVEY CO.**

Misc. No. 119.

United States District Court
D. Maryland.
June 30, 1960.

---

2. Except corporations and partnerships.

Rollins, Smalkin, Weston & Andrew and Edward C. Mackie, Baltimore, Md., for Aero Corp.

Edward A. Dragon, deSeife & Dragon, Silver Spring, Md., for Civil Air Transport, Inc.

Alexander Wilson, Arlington, Va., for Paul F. Zimmer.

THOMSEN, Chief Judge.

Plaintiff has caused a fi. fa.—an execution on a judgment—to be issued out of this court, under which an aircraft owned by defendant subject to a chattel mortgage was sold by the Marshal.

Before the sale an intervenor claimed certain electronic equipment used for making aerial surveys, then on the aircraft, and received the equipment under a court order upon filing a bond. Plaintiff (1) challenges intervenor's right to the equipment on several grounds, and (2) opposes ratification of the sale on the ground that the bid was inadequate. In support of the latter point, plaintiff challenges the validity of a lien on the plane claimed by the witness Zimmer.

## Facts

The aircraft involved is a Beechcraft AT–11, which at all material times has been owned by defendant, Associated Aerial Survey Company, subject to a chattel mortgage to James Springer for $2,500 and interest, duly recorded pursuant to 49 U.S.C.A. § 1403 with the Civil Aeronautics Administration, now the Federal Aviation Agency (collectively referred to herein as FAA).

In December 1958 defendant entered into a written agreement with Paul Zimmer, president of Nucliair Exploration Corp., under which Zimmer agreed to relicense the aircraft, modify it according to defendant's specifications, install a transceiver, an ARV–7 ADF and a low pressure oxygen system, and pay tie-down and fuel bills in the amount of $103.23, so that the aircraft could be released for service. In return, Zimmer was to have the use of the aircraft, crediting defendant's account with $20 for each hour of use, until all charges were paid in full. Zimmer did the work called for by the agreement and kept the aircraft at Beacon Field, Alexandria, Virginia, until late in 1959, when it was removed to Hyde Field, Clinton, Maryland, where it was used by Zimmer and Nucliair in making aerial surveys.

In December 1957, the intervenor, Civil Air Transport, Inc. (CATI) had acquired the electronic equipment involved in this case, consisting of a scintillometer (original cost about $5,300; size: 14″ x 8″ x 8″), a recorder ($1,300; size: 10″ x 10″ x 10″) and a radio altimeter, wiring, etc. (of relatively little value). The equipment had previously been used for making aerial surveys in Colorado, but in the summer of 1959 it had not been used for some time, and was out of repair. In September 1959, pursuant to a suggestion from defendant's president, CATI turned the equipment over to Nucliair, which agreed that it would repair and modernize the equipment and, if the program of repair and modernization was successful, would enter into a contract to purchase or lease the equipment from CATI.

The repairs were made, and in the fall of 1959 the equipment was placed on defendant's Beechcraft AT–11, which was then in Zimmer's possession at Hyde Field, Maryland. The equipment was attached to the aircraft by brackets; the important parts were readily removable, but to remove all the wiring, etc. would take an hour or two.

Meanwhile, in June 1959, plaintiff had obtained a judgment for $5,958.98 and costs against defendant in the District of Columbia. On January 8, 1960, plaintiff filed a certified copy of that judgment in this Court, and caused a fi. fa. to issue, under which the Marshal seized the Beechcraft AT–11.

Shortly thereafter, CATI claimed that the scintillometer and other electronic equipment belonged to it and not to defendant, and when plaintiff refused to permit the removal of the equipment, CATI intervened in this proceeding. This Court entered an order, consented to by plaintiff, that the equipment be delivered to CATI upon its filing an approved bond in the amount of $10,000 "conditioned for the return of the said property if the decision is in favor of the Plaintiff; provided further that removal of the property described in the Petition and any damages sustained thereby be and is the responsibility of the Petitioner [CATI]."

About the time CATI presented its claim, counsel for Zimmer showed plaintiff's counsel the letter agreement between defendant and Zimmer dated December 2, 1958, and an "Agreement Recognizing Mechanic's Lien and Providing for Retention of Mechanic's Lien until Payment of Repair Bill in Full", executed by defendant's president under date of December 8, 1959, but not acknowledged until January 18, 1960. The amount of the lien so claimed and recognized was "approximately" $2,700. After plaintiff refused to recognize the claimed lien, the agreement dated December 8, 1959, was recorded with FAA, and a notice of the recording was posted on the plexiglass nose of the aircraft before the sale.

On February 19, 1960, the Marshal conducted the sale under the fi. fa. Representatives of all the persons and corporations claiming any interest in the matter were present, but the only bid was a bid of $1 made by Springer, the mortgagee. Counsel for plaintiff stated at the time that plaintiff would oppose confirmation of the sale, and exceptions thereto were duly filed.

### Discussion

#### (1)

*The Claim of Intervenor (CATI) to the Electronic Equipment*

■ An attaching creditor in Maryland does not stand in the position of a bona fide purchaser for value, but reaches only the defendant's interest in the property. Dinsmore v. Maag-Wahmann Co., 122 Md. 177, 89 A. 399. Preissman v. Crockett, 194 Md. 51, 69 A.2d 797; 2 Poe, Pleading & Practice, 3d ed., § 639.

Plaintiff contends that defendant held the electronic equipment under an unrecorded conditional sale contract, and that the reservation of title in the intervenor CATI is void as against plaintiff. That contention is without merit for several reasons: the agreement was a bailment and not a contract of conditional sale; the agreement was between CATI and Nucliair, not between CATI and defendant; Nucliair, and not defend-

ant, had possession of the electronic equipment.

■ Defendant had no right, title or interest in or to the electronic equipment. The equipment did not become part of defendant's aircraft by accession when it was placed therein. The equipment was readily removable without damage to the equipment or the aircraft. 43 A.L.R.2d 810, anno. 8.

The electronic equipment was not an "appliance" whose transfer had to be recorded under 49 U.S.C.A. § 1403(a) (3). It was not used in the operation of the aircraft.

CATI is not estopped to claim the electronic equipment as its own by having allowed Nucliair to use the equipment and to place it on defendant's plane. Plaintiff did not extend any credit to defendant on the strength of CATI's electronic equipment. Lemp Brewing Co. v. Mantz, 120 Md. 176, 87 A. 814; Forsyth Storage & Transfer, Inc. v. William E. Cramer Co., et al., 215 Md. 93, 136 A.2d 905.

However, the relationship of the parties was such that under all the circumstances it would be most unfair to allow CATI to recover damages against plaintiff because of the original seizure by the Marshal or the action of plaintiff in requiring CATI to prove its case.

#### (2)

*Adequacy of the Consideration*

Plaintiff contends that the aircraft is worth about $5,000 free of liens, that the claimed lien of Zimmer is invalid, and that since the mortgage and interest amount to only $3,000, the bid of $1 was inadequate.

■ The evidence shows that the aircraft cost around $4,600 new. Whether the lien claimed by Zimmer is valid is not now before this court. The claim was made in good faith, and it was not improper for the Marshal to allow notice of the claimed lien to be posted. Anyone who purchased the aircraft at the sale, or who might purchase it at a subsequent sale, if the sale is set aside, would be

buying a lawsuit, unless this Court should delay sale until the question of Zimmer's lien is litigated in some court of competent jurisdiction. Meanwhile, storage charges would eat up any possible equity, and additional advertising charges would be incurred. Weighing all equities, I conclude that the sale should be ratified and confirmed. Preissman v. Crockett, 194 Md. 51, 60, 69 A.2d 797.

It is so ordered.